PER CURIAM.
Walter Bedoya appeals his conviction for trafficking in cocaine in excess of 400 grams. We affirm.
Bedoya’s principal contention is that certain of his inculpatory statements should not have been admitted into evidence through a rebuttal witness. The statements at issue had apparently been suppressed by pretrial ruling because they were taken in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).* Defendant testified at trial and on cross-examination denied any recollection of making statements to the arresting officers. One of the arresting officers was called as a rebuttal witness to testify to statements made by defendant.
Contrary to appellant’s contention, this procedure was permissible. Harris v. New York, 401 U.S. 222, 223-26, 91 S.Ct. 643, 644-46, 28 L.Ed.2d 1, 3-5 (1971); Washington v. State, 432 So.2d 44, 47 (Fla.1983). Indeed, based on the testimony adduced at trial, it does not appear that there had, in fact, been any Miranda violation. Assuming for purposes of this appeal that there was a Miranda violation, the trial court’s rulings were entirely proper.
No reversible error is shown in the second point on appeal.
Affirmed.

 There is no transcript of the hearing on the motion to suppress in the record now before us. A handwritten notation appears to indicate that the statements had been suppressed. The parties proceeded on that basis and the statements were not offered in the State’s case-in-chief.